**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4094-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOSE A. PEREZ,

    Defendant-Appellant.

_____

> Submitted October 1, 2020 – Decided  November 17, 2020
>
> Before Judges Fuentes and Whipple.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 98-11-4417.
>
> Jose A. Perez, appellant pro se.
>
> Theodore N. Stephens II, Acting Essex County Prosecutor, attorney for respondent (Lucille M. Rosano, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Jose Perez, appeals from the April 12, 2019, order entered by Judge Alfonse J. Cifelli denying his motion to correct an illegal sentence under Rule 3:21-10(5). We affirm.

On November 5, 1998, defendant was charged in Essex County with four counts of second-degree conspiracy to kidnap, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:13-1; four counts of first-degree kidnapping, N.J.S.A. 2C:13-1b; four counts of second-degree conspiracy to murder, N.J.S.A. 2C:5-2 and N.J.S.A. 2C:11-3; two counts of first-degree murder, N.J.S.A. 2C:11-3a(1) and N.J.S.A. 2C:11-3a(2); two counts of first-degree felony murder, N.J.S.A. 2C:11-3a(3); and two counts of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3. State v. Romero, Nos. A–6593–99, A–0282–00, A-5704-00, A-0834-00, A–4974–99 (App. Div. Apr. 12, 2004) (slip. op. at 3-7) (outlining the original charges against the defendants in the 2000 trial, including defendant Perez).

A jury found defendant guilty of numerous counts and the court sentenced him to two consecutive forty-year sentences for first-degree murder and felony murder, two concurrent thirty-year sentences for kidnapping and three concurrent twenty-year sentences for conspiracy to murder and conspiracy to commit kidnapping on April 5, 2000. Defendant appealed the judgment of conviction and sentence imposed. In a consolidated opinion, we affirmed the

defendant's convictions, remanded the matter for resentencing on defendant's murder conviction, and instructed that the conspiracy sentence must also be modified.  Romero, slip op. at 92-101.  The Supreme Court denied defendant's petition for certification on September 23, 2005.  State v. Perez, 181 N.J. 548 (2004).

Later, defendant filed a petition for post-conviction relief (PCR) on April 3, 2006.  The Honorable Peter V. Ryan, J.S.C., presided over the PCR hearing and on January 7, 2013, the judge issued a written opinion denying the petition.  Defendant appealed and we affirmed.  State v. Perez, No. A-4031-12 (App. Div. Oct. 28, 2014) (slip op. at 1-3).  The Supreme Court denied certification.

On February 5, 2019, defendant filed a pro se motion to correct an illegal sentence.  Pertinently, defendant now asserts his sentence was illegal because the absence of a transcript of a pretrial conference or documentation of a pretrial memorandum "compels [this court] to conclude the defendant was not made aware by the court or counsel that upon the setting of the trial date plea negotiations would terminate pursuant [to] [Rule] 3:9-3(g)."  In April 2019, the court issued an order denying the motion as procedurally barred by Rules 3:22-4 and 3:22-12(2).  The court stated:

> I have received and considered the motion filed on February 5, 2019, by you as defendant, pro se, for

correction of [an] illegal sentence imposed April 25, 2000, under Indictment No. 98-11-04417-I, pursuant to the [No] Early Release Act [N.J.S.A. 2C: 43-7.2]. The New Jersey Court Rule applicable to the motion provides in pertinent part substantially as follows:

"Rule 3:21-10, Reduction or Change of Sentence
(a) Except as provided in paragraph (b) hereof, a motion to reduce or change a sentence shall be filed not later than [sixty] days after the date of the judgment of conviction. The court may reduce or change a sentence, either on motion or on its own initiative, by order entered within [seventy five] days from the date of the judgment of conviction and not thereafter.

(b) A motion may be filed and an order may be entered at any time (1) changing a custodial sentence to permit entry of the defendant into a custodial or noncustodial treatment or rehabilitation program for drug or alcohol abuse, or (2) amending a custodial sentence to permit the release of a defendant because of illness or infirmity of the defendant, or (3) changing a sentence for good cause shown upon the joint application of the defendant and prosecuting attorney, or (4) changing a sentence as authorized by the Code of Criminal Justice, or (6) changing a custodial sentence to permit entry into the Intensive Supervision Program, or (7) changing or reducing a sentence when a prior conviction has been reversed on appeal or vacated by collateral attack."

This motion was filed well beyond the period of sixty days limited for filing such a motion under the rule. Furthermore, the good cause exception to the rule is not properly invoked because the motion is not a joint application by the defendant and prosecuting attorney, and no good cause is shown or even claimed.

4

Moreover, although the motion does not seek relief because of illness or drug or alcohol abuse under an exception to the rule, any such relief is proscribed until completion of service of the term of parole eligibility under the No Early Release Act. State v. Mendel, 212 N.J. Super. 110 (App. Div. 1986).

Furthermore, even if your letter was not barred under [Rule] 3:21-10 it would be wholly barred under [Rule] 3:22-4. As you may recall your first petition for Post-Conviction relief was denied by Judge Ryan on January 7, 2013. [Rule] 3:22-4 requires dismissal unless the petition is timely and alleges on its face (1) that the petition relies upon a new rule of law or; (2) that the factual predicate for the relief could not have been discovered earlier and, if proven, would raise a reasonable probability that relief would be granted or; (3) that the petition raises a prima facie case of ineffective assistance of counsel that represented defendant on the first or subsequent application for [PCR].

In your case your motion is not timely under [Rule] 3:22-12(2).

This appeal followed. Defendant raised the following argument on appeal:

FAILURE TO COMPLY WITH THE STRUCTURES OF [RULE] 3:9-1(f) [RULE] 3:9-3(g) VIOLATED PETITIONERS RIGHT TO DUE PROCESS WHICH IS A VIOLATION OF THE FOURTEENTH AMENDMENT OF THE [UNITED STATES CONSTITUTION] [AND] ARTICLE 1 PARAGRAPH 1 OF THE NEW JERSEY [CONSTITUTION].

5

However, defendant's arguments do not address the reasons given by the judge who denied the requested relief. Defendant asserts his sentence was illegal because the absence of a pretrial conference transcript or documentation of a pretrial memorandum compels us to conclude that he was not made aware that upon the setting of the trial date, plea negotiations would terminate under Rule 3:9-3(g). But notably, the record does not contain the motion presented to the court and we cannot ascertain whether these arguments were raised below. Based upon the record presented to us we affirm for the reasons expressed by Judge Cifelli.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6                                                                 A-4094-18T2